**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHRYN DIANE TORRES, | No. 20-17272 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02908-DMC |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis M. Cota, Magistrate Judge, Presiding

Argued and Submitted November 19, 2021
San Francisco, California

Before: PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

Kathryn Torres appeals from the district court's order affirming the decision

of an administrative law judge (ALJ) partially denying her application for

disability insurance benefits. We reverse and remand for further proceedings.

**1.** The ALJ found that Torres's statements concerning the "intensity,

persistence, and limiting effects" of her irritable bowel syndrome (IBS) and related

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

chronic diarrhea symptoms were "not fully supported." Ordinarily, an ALJ can reject a claimant's testimony about the severity of her symptoms only if the ALJ gives clear and convincing reasons supported by substantial evidence. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The district court declined to apply that standard because it identified evidence of malingering in the administrative record. We need not decide whether a district court is permitted to make a malingering finding in the first instance. The Commissioner does not defend the malingering finding on appeal, and the evidence the district court cited does not support such a finding in any event. We accordingly apply the "clear and convincing" standard in reviewing the ALJ's reasons for discrediting Torres's statements concerning the severity of her symptoms.

**2.** The ALJ gave five reasons for discrediting Torres's statements (and similar statements from third parties) regarding the severity of her IBS symptoms. None of these reasons suffice under the clear and convincing standard.

First, the ALJ found that Torres's reported symptoms were inconsistent with negative diagnostic studies. That finding lacks any support in the record. No test exists to diagnose IBS. The condition is often diagnosed, as in this case, only after ruling out other potential causes of the patient's symptoms. Thus, there is no inconsistency between the negative diagnostic results and Torres's reported symptoms.

Second, the ALJ relied on the fact that Torres's weight was relatively stable during most of the period in question. However, the ALJ did not identify any medical evidence in the record suggesting that weight loss is connected with IBS or that an individual experiencing IBS symptoms of the severity Torres described would be expected to lose weight. Indeed, discharge instructions on IBS in the record state that weight loss is *not* a symptom of IBS.

Third, the ALJ found that Torres's symptoms were adequately controlled with treatment. This finding is not supported by substantial evidence. While Torres testified that Nurse Practitioner David Hamilton was "helping [her] get through" the IBS, she added that her medication had lost its efficacy "almost to where it doesn't work anymore." Moreover, Hamilton continued to prescribe new medication in an attempt to control Torres's symptoms two years after their initial appointment. *See* SSR 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017) (recognizing that changing medications may show that symptoms are "intense and persistent").

The fourth and fifth grounds cited by the ALJ were Torres's failure to seek more frequent or aggressive treatment after her initial appointment with Hamilton and the lack of medical opinion evidence corroborating her asserted limitations. While there is some evidence to support these two findings, they fail to meet the "clear and convincing" standard required to discount Torres's symptom testimony.

As for Torres's failure to seek more aggressive treatment, Torres explained at a 2014 hearing that her impairments make it difficult for her to leave the house for doctor appointments. *See id.* ("We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints."). The ALJ failed to develop the record by inquiring about any further reasons why Torres might not have sought additional or more aggressive treatment. *See id.* ("We may need to contact the individual regarding the lack of treatment or, at an administrative proceeding, ask why he or she has not complied with or sought treatment in a manner consistent with his or her complaints."). The record shows that Torres continued to see Hamilton regularly after her initial appointment, and there is no suggestion in the record that more aggressive treatments were available to manage Torres's IBS. Thus, the ALJ's finding that Torres did not seek new forms of treatment after her March 2012 appointment with Hamilton is not a convincing reason to discredit her symptom testimony. *See id.* at *10 (explaining that in considering a claimant's treatment history, an ALJ should account for whether there is further effective treatment that would benefit the individual).

The lack of corroborating medical opinion evidence also provides little support for the ALJ's conclusion. While no medical opinion evidence confirms

Torres's reported symptoms, none contradicts it either.  The Social Security Administration's regulations confirm the limited probative value of this factor by prohibiting ALJs from rejecting subjective symptom testimony solely because it is unsubstantiated by objective medical evidence.  20 C.F.R. § 404.1529(c)(2).

3.  Having improperly discounted Torres's IBS-related symptoms and limitations, the ALJ failed to account for these limitations in formulating Torres's residual functional capacity (RFC).  Consequently, both the ALJ's RFC assessment and her Step 5 determination based on this assessment were not supported by substantial evidence.  *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).  We reverse the district court's judgment with instructions to remand the case to the ALJ for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**